[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 25, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13789
Non-Argument Calendar
_____

D. C. Docket No. 07-00061-CR-T-26MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIO SANTANA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 25, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty to possession with intent to distribute five kilograms or

more of cocaine while aboard a vessel subject to U.S. jurisdiction and conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to U.S. jurisdiction, Julio Santana appeals the district court's imposition of 135-month concurrent sentences. Specifically, Santana argues on appeal that the district court erred in denying him a mitigating-role reduction because it only considered his role relative to the charged codefendants in this case and did not consider his role relative to the conduct of all the uncharged coconspirators who organized and profited from the drug trafficking venture. Santana points out that his role was nothing more than that of a courier, that he did not actually receive, nor did he believe that he would share in, any of the drug proceeds, and that various individuals who were equally responsible for the commission of the instant offense have not been arrested or prosecuted. Additionally, Santana asserts that the court failed to consider the amount of money that he was paid for his involvement in the conspiracy, his lack of equity interest in the drugs, his nonexistent role in the planning of the instant offense, and his role in the overall distribution of the cocaine.

The U.S. Sentencing Guidelines permit a court to decrease a defendant's offense level by four levels if it finds that the defendant was a "minimal participant" in the criminal conspiracy, or by two levels if it finds that the

defendant was a "minor participant" in the criminal activity. U.S. Sentencing Guidelines Manual § 3B1.2(a), (b) (2007). "The proponent of the downward adjustment . . . always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence." United States v. Rodriguez De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). We review the district court's interpretation of the Sentencing Guidelines de novo, but we must accept the court's factual findings unless they are clearly erroneous. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005). Specifically, we review the district court's determination of a defendant's role in the offense only for clear error. See Rodriguez De Varon, 175 F.3d at 937, 945. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945.

In Rodriguez De Varon, we identified two principles that should inform the district court's determination of whether the defendant's role in an offense entitles him to a mitigating-role reduction. Id. at 940, 945. First, and most importantly, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable" at sentencing. Id. at 940. That is, "the district court must assess whether the defendant is a minor or minimal participant

3

in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." Id. at 941. Thus, in the drug courier context, a courier "cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." Id. Although courier status alone neither precludes nor establishes minor participation in an offense, "when a drug courier's relevant conduct is limited to [his] own act of importation, a district court may legitimately conclude that the courier played an important or essential role in the importation of those drugs." Id. at 942-43.

Second, although we have acknowledged that the first method of analysis will be dispositive in many cases, the district court may also measure a defendant's culpability against that of other participants in a conspiracy. Id. at 945. However, a district court is limited to considering only those participants who are identifiable by the evidence and who were involved in the relevant conduct attributed to the defendant. Id. at 944. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. Furthermore, a defendant is not entitled to a minor-role reduction merely because he demonstrates that his role in the relevant conduct was less than that of other identifiable participants; oftentimes, no participants play a minor role. Id. To receive a mitigating-role reduction, the defendant must prove

4

that he was substantially less culpable than most other participants in the relevant conduct. Id.; U.S. Sentencing Guidelines Manual § 3B1.2 cmt. n.3(A) (2007).

After carefully reviewing the record and considering the parties' briefs, we discern no reversible error. The relevant conduct for which Santana was held accountable at sentencing only concerned the 2,500 kilograms of cocaine that ultimately ended up on board a fishing boat, the Don Juan K, along with Santana and the other conspirators. The evidence supports the district court's conclusion that Santana's role – as a paid crewman of the "go fast" boat that initially transported this large shipment of drugs – constitutes an integral part in the conspiracy to possess the drugs with the intent to distribute them. Santana acknowledged that he could not distinguish his conduct from that of his fellow crew members, and he is no less culpable, let alone substantially less culpable, than any other discernable participants in this conspiracy. We may not, as Santana urges, compare his role to that of any individuals involved in a larger drug trafficking conspiracy that extends beyond this one sizeable shipment. The district court did not clearly err in denying Santana a mitigating-role reduction, and accordingly, we affirm.

**AFFIRMED.**